952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff/Appellee,
v.
Abraham RUBIN; Helen Rubin; Chaim B. Rubin; Marcia Rubin,
Defendants/Appellants.
 No. 89-55600.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1992.
Decided Jan. 15, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On June 3, 1984, the Rubins executed a promissory note in the principal amount of $350,000 to Center National Bank. On its face, the note appears to have been executed by the Rubins in their personal capacities. The note went into default in 1986. In April, 1986, the Comptroller of the Currency ordered Center National closed and tendered receivership of the bank to the FDIC. In its corporate capacity, the FDIC acquired the Rubins' note and took possession of related bank files. In April, 1988, the FDIC brought suit on the note against the Rubins personally. On April 17, 1989, the district court denied the Rubins' application to continue the summary judgment motion, pretrial conference and trial dates and granted the FDIC's motion for summary judgment. We affirm.
 
 
 3
 California Commercial Code § 3403(2) (West 1964) provides that "[a]n authorized representative who signs his own name to an instrument (a) [i]s personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity." We adopt this provision as the rule of decision in this case. See, e.g., D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 474 (1942) (Jackson, J., concurring) ("No doubt many questions as to the liability of parties to commercial paper which comes into the hands of the [FDIC] will best be solved by applying the local law with reference to which the makers and the insured bank presumably contracted."); FDIC v. Wood, 758 F.2d 156, 159 (6th Cir.1985) (where national rule is unnecessary to effectuate federal interests, state law should be incorporated as federal rule of decision).
 
 
 4
 The FDIC was entitled to judgment as a matter of law on the defaulted note. There was no genuine issue of material fact.
 
 
 5
 Since the Rubins' contention regarding the denial of their application for continuance has abuse of discovery features, our conclusion on the summary judgment question does not resolve the matter.
 
 
 6
 A district court ruling concerning discovery is reviewed for abuse of discretion. Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 619 (9th Cir.1988). The late-produced documents that prompted the application did not further the Rubins' defense. Although the documents might have been produced earlier, one cannot conclude from their late production that there were other documents in the FDIC's files indicating a side obligation. Further, an FDIC official affirmatively declared that there were no other documents. On this record, the refusal to grant the Rubins' application for additional discovery was not an abuse of discretion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3